◼ ANN PONTE, Appellant, v. SLYVAN DRUG INC., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated March 20, 1972, which denied her motion for leave to serve an amended bill of particulars. Order reversed, with $10 costs and disbursements, and motion granted, on condition that plaintiff submit to pretrial physical and oral examination on the new claims, if defendant shall demand such examinations upon written notice of not less than 10 days. The amended bill of particulars must be served within

20 days after entry of the order to be made hereon. The original and proposed bills of particulars plead plaintiff's injuries in identical language. The changes contained in the proposed bill of particulars concern only medical expenses and loss of earnings accruing since service of the original bill of particulars. Defendant was on notice that these elements of damages would continue. An increase in the *ad damnum* is not sought. The affidavit by plaintiff's physician states that the injuries lately treated are causally related to the accident. Under such circumstances we have held that leave to amend a bill of particulars should be granted so that the plaintiff's entire claim may be presented (*Marshall* v. *Zimmerly's Express*, 30 A D 2d 929; *O'Malley* v. *American Auto Leasing Co.*, 39 A D 2d 543). Nor do we see that defendant will be prejudiced. Any possible prejudice can be alleviated by additional physical and oral examinations, limited to the new matter contained in the proposed bill (*Overgaard* v. *Brooklyn Bus Corp.*, 257 App. Div. 829; *Chema* v. *Arundel Transfer & Stor. Co.*, 23 A D 2d 768; *Mermelstein* v. *Lee*, 23 A D 2d 689; *O'Malley* v. *American Auto Leasing Co., supra*). Hopkins, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.